ELLIS, Judge.
This suit was instituted by William J. Guste, Jr., Attorney General of this State, to have nullified a contract between the City of Baton Rouge and Parish of East Baton Rouge on the one hand and Pittman Construction Company, Inc.,-on the other. The suit is brought under the provisions of R.S. 38:2293, which directs the Attorney General to bring an action to nullify any public contract which contains closed specifications not properly approved by the building authority.
After a summary hearing, judgment was rendered dismissing the suit. From that judgment, an appeal has been taken by William M. Duke and Somar, Inc., alleging that they could have intervened in the trial court and therefore have a right to appeal, under the provisions of Articles 1091 et seq. and 2086 of the Code of Civil Procedure.
A motion to dismiss the appeal has been filed in this Court by the defendants. Two grounds are alleged for the motion. First, it is alleged that such an action can be brought only by the Attorney General under R.S. 38:2293, and therefore only the Attorney General can appeal.
Second, it is claimed that R.S. 38:2290 et seq. are criminal statutes, which can only *521 be enforced by a representative of the State.
The statutes involved are found in Title 38, Chapter 10, Part V of the Revised Statutes, entitled “Regulations of Closed Specifications and Exclusive Distribution of Materials” which was adopted by Act 40 of 1965, Art. 1.
R.S. 38:2290 provides:
“A. No architect or engineer, either directly or indirectly, shall submit a closed specification of a product to be used in the construction of a public building or project, unless all other products, other than the one specified, would detract from either the utility or appearance of the building or the uniform appearance of other public buildings in the immediate vicinity.
“B. Under no circumstances shall a closed specification be submitted, or authorized, where any person or group of persons possess the right to exclusive distribution of the specified product.”
R.S. 38:2293 provides:
“Any contract entered into in violation of the provisions of this Part shall be considered null and void and the Attorney General is directed to institute legal proceedings to have the contract judicially declared null and void; all costs of the proceedings to be borne by the defendant, or defendants.”
We find no merit to the contention that no one except the Attorney General can bring an action to nullify a public contract containing an improper closed specification. Although it is clear that it is his duty to do so, it is also clear that the citizens and taxpayers of this State enjoy the right to seek judicial review of illegal acts of their public servants. Roussel v. Noe, 274 So.2d 205 (La.App. 1 Cir. 1973). It is true that a taxpayer could not criminally prosecute for violations of R.S. 38:2290, under the penal clause of the statute, R.S. 38:2296. However, we are of the opinion that his right to contest civilly the validity of the contract is without question.
Mr. Duke and Somar, Inc. are shown by the record to have a real interest in the validity of the contract, since it is claimed that their ability to bid competitively would have been adversely affected if the contract contained an improper closed specification.
We are of the opinion that they could have intervened in the trial court in this case, and therefore have the right to appeal from the judgment herein.
The motion to dismiss is denied. Defendants are to pay all costs for which they may be responsible under the law.