459 So.2d 1255 (1984)
Harold G. DAVES, et al.
v.
STATE of Louisiana, Through DIVISION OF ADMINISTRATION, OFFICE OF RISK MANAGEMENT.
No. CA 83/1198.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Writ Denied January 25, 1985.
*1256 James J. Thornton, Jr., Shreveport, and Gerald Walter, Jr., Baton Rouge, for plaintiffs-appellees Harold G. Daves and Daves Ins. Agency Inc.
H. Brenner Sadler and F. Rae Swent and Ledoux R. Provosty, Alexandria, for bidder-appellant (not a party to the suit), Alexander & Alexander, Inc.
Glenn R. Ducote and Charles McCowan, Jr., and Pamela Walker, Baton Rouge, for defendant-appellant State of La., thru Div. of Admin., Office of Risk Management.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON,[*] JJ.
GROVER L. COVINGTON, Chief Judge.
This is an appeal[1] by the defendant, State of Louisiana, through Division of Administration, Office of Risk Management, from a judgment of the district court reversing the decision of the Commissioner of the Division of Administration, and rendering judgment in favor of plaintiffs, Harold G. Daves and Daves Insurance Agency, Inc., ordering and decreeing that there was a valid contract entered into between the parties which was for a period of three years commencing August 20, 1982 and ending August 20, 1985; that annual adjustment of premiums at the policy anniversary date was appropriate under the law; and that the contract between the parties could not be cancelled except for legal cause. The judgment further stayed the defendant from any proceedings to cancel the insurance contract between the State of Louisiana and Daves Insurance Agency, Inc. (Travelers Indemnity Company) entered into pursuant to Bid Proposal A-18. The judgment further stayed the defendant from issuing any solicitation for bids from a person, firm or corporation where the purpose of such solicitation is the replacement of all or any part of the insurance coverage described and set forth in Bid Proposal A-18 and the contract which was confected by the acceptance of the bid by the State.
Alexander & Alexander, Inc., although not a party or participant in the proceedings below, has obtained an order of the trial court allowing it to appeal the decision, pursuant to State v. City of Baton Rouge, 345 So.2d 520 (La.App. 1st Cir. 1975), writ denied 346 So.2d 212 (La. 1976). Alexander & Alexander, Inc. alleged that it was a taxpayer and an unsuccessful bidder on the public contract forming the subject matter of these proceedings, and that it could have intervened in the trial court.
The issues on this appeal are: (1) Was there a contract between the State and Daves Insurance; and, if so, for what period of time; (2) if there was a multi-year contract between the parties, was it subject to an annual adjustment of premiums at the policy anniversary date; and (3) if there was a contract between the parties, was the State, as the insured, entitled to have the contract modified to include a unilateral cancellation without cause clause upon due notice?
This matter arises out of a contract controversy that developed following the issuance of invitations to bid and the award of contracts by the State of Louisiana in connection with insurance coverage for its fleet of vehicles.
*1257 A hearing with respect to the controversy was initiated at the administrative level by the State of Louisiana, Division of Administration, Office of Risk Management.
On April 26, 1983, the hearing officer rendered a decision to the effect that it had been the intention of the State that the insurance policies issued under the invitation for bids contain a "standard" right of cancellation provision and that the insurer provide a satisfactory endorsement with respect to cancellation or the contract should be cancelled for non-compliance with the bid specifications. As a result of the hearing, notice of cancellation of the contracts was given by the State to the insurer. The administrative decision was allowed to stand by the Commissioner of Administration.
Thereafter, an appeal was taken by Harold G. Daves and Daves Insurance Agency, Inc. to the district court pursuant to the Louisiana Procurement Code, LSA-R.S. 39:1551, et seq.
Following a review of the administrative record, the district judge found that the decision of the hearing officer, which became the decision of the Commissioner of Administration, was "arbitrary, capricious and characterized by an abuse of discretion and clearly an unwarranted exercise of discretion," and further found that the decision was "manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record."
The facts giving rise to the controversy between the State and the insurer began in the summer of 1982, when the State, which had insured all of its motor vehicles for liability insurance under "negotiated contracts," decided that, pursuant to the Procurement Code, it would put such contracts "out for bids." It then prepared the subject bid proposal, calling for liability insurance on all state vehicles, including the Department of Transportation and Development in one provision and the Department of Public Safety in another.
The bid proposal, consisting of fifty-three pages of detailed specifications and requirements with a two-page addendum, was prepared by the Office of Risk Management and delivered to the Office of State Purchasing, which in turn sent it to prospective bidders and publicly solicited bids thereunder.
On August 2, 1982 bids submitted in response to the State's invitation to bid were opened. Among the bidders was Daves Insurance Agency, Inc., on behalf of the Travelers Indemnity Company, which submitted a bid covering vehicles used by various Departments and the Department of Transportation and Development (all vehicles except those of the Department of Public Safety).
When the bids were submitted, the Division of Administration then evaluated them and concluded that the bid submitted by Daves Insurance was the lowest responsive bid and it was awarded the contract.
In accordance with the contract, the State paid the first year's premium and the contract was effective as of August 20, 1982. As stated above, a controversy in connection with the insurance coverage developed. This led to the administrative hearing, the decision of which was appealed to the district court, whose judgment of reversal of the administrative decision is now on appeal before this Court.

I.
On the question of whether there was a contract between the State and the insurer, we hold that there was a contract commencing August 20, 1982 for a term of three years.
When the bids were submitted, the Division of Administration evaluated the various bids and decided that as far as that portion dealing with state-owned motor vehicles, excluding the Department of Public Safety, the bid submitted by Daves Insurance was the lowest responsive bid and the contract was awarded to it. At that moment, a binding contract was effected between the State and the insurer.
The first page of the bid proposal stated that the contract was to be for a period of three years. The bid by Daves Insurance *1258 was for the three year term. The acceptance by the State was for the three year term. Under LSA-R.S. 39:1615, the Division of Administration is permitted to enter into multi-year contracts not to exceed three years. The record does not reflect that at any time during the bidding and acceptance process any party even intimated that the term of the contract was to be anything other than three years. As required by LSA-R.S. 39:1615, the term of the contract was "clearly stated" in the bid proposal as three years. We agree with the trial court's opinion that "both parties are bound for three years."

II.
On the question of whether the contract was based on a flat equal or level rate for the three year term or subject to an annual adjustment of premiums at the policy anniversary date, we hold that under the laws of this state automobile liability insurance policies cannot be issued on a level rate for the three-year term, but only on a one-year basis and thereafter to be adjusted. In the instant case, the bid of Daves Insurance for the first year's premium was about one-third of the amount that the State had paid to another carrier for the previous year's premium. The bid of Daves Insurance stated that it was subject to annual adjustment of premiums. This bid was evaluated by the Office of the Commissioner of Administration and accepted by the State with the understanding that if there was an experience in the first year that justified the Insurance Rating Commission to adjust the premium, the adjustment in rate would be made. There is no merit in the State's contention on this point that the contract fixes a level rate for the term of the contract.

III.
We now consider the crucial issue on this appeal, was the State, as the insured, entitled to have the contract modified to include a unilateral cancellation without cause clause upon due notice? The trial judge answered this question in the negative, stating:
[T]his was a three-year contract and to allow the State to cancel at any time during the three-year period, except for legal cause, would be totally unfair and inequitable. (Emphasis by the trial judge.)
The trial judge then said: "It's this Court's opinion that neither one of them has the right to terminate the contract except for legal cause. Otherwise, you'd have no contract."
The rationale of the trial court's opinion is stated:
The State could have and if it had wanted should have included in bid proposal A-18 either a reference to a particular standard form of policy and a particular cancellation clause, or it should have had it in its own specific provisions, but it did not. It sought on its own a three-year imperative three-year contract, did not specify any type of cancellation that would be just a cancellation upon sending of notice, and if this Court were to allow it to do it now, it would be to the severe detriment of the bidder who was awarded the bid and who has been insuring the State vehicles, and who has been paying out on losses, because it could now cancel for no legal grounds whatsoever and not allow that bidder to recover the losses which it contemplated it could recover on a three-year bid, which was the bid submitted and accepted.
Turning now to the argument of Alexander & Alexander, Inc., this appellant argues that the trial court erred in holding that the administrative decision was "arbitrary and capricious" and that the judgment of the trial court exceeded the scope of the matter under review. There is no merit to either contention.
In discussing the opinion of the hearing officer, the trial court remarked:
Besides the entire record and all of the documents, I have also reviewed the opinion of the hearing officer, which is now the opinion that is being appealed, and it is beyond this Court's comprehension *1259 as to how the hearing officer could have reached two or three of the conclusions that she did reach. In paragraph two of that opinion it is stated, "The provisions of bid proposal A-18 further required that a standard policy form be provided, which, of course, includes a standard cancellation provision for both parties, ..." I don't find that anywhere in the evidence that was presented to the hearing officer nor in any of the documents which were thrown in, in globo, nor in the bid proposal. That same paragraph further states, "As an insurer, Travelers, of course, is in possession of standard forms approved for its use by the state Insurance Department and need look to no other source for these forms." To this Court, that begs the issue. That then says that proposal A-18 had written in it, with some invisible ink, that every bidder was bidding on the commercial automobile standard form issued by Travelers, and that's not in the bid proposal. In paragraph three, the hearing officer continues to adopt or enunciate the theory that an essential and absolute right of the State was being taken away from it by an endorsement which sought to deprive the State of any right to cancel whatsoever. That is incorrect; the State had the right and still has the right to cancel this contract for cause, and so does Daves Insurance Agency, but that's all.
I guess the crowning blow is in paragraph five, where the hearing officer says, "From what I have been able to ascertain, virtually all automobile liability insurance policies issued in the State of Louisiana have the standard right of cancellation, and the State of Louisiana, as a policy holder, should be entitled to no less." Now, where in the record of that hearing and where in any of the documents introduced at that hearing can anybody find any proof whatsoever that virtually all automobile liability insurance policies issued in the state have the standard right of cancellation is beyond me. I frankly defy anybody to read that record and look at any of the documents and find where that was in evidence before that hearing officer. And therefore, that hearing officer concluded that based on those facts, the Office of Risk Management could have reasonably anticipated that the policy be issued and that the policy contain the standard cancellation provisions which are part of a standard insurance form. The evidence is not there to make that conclusion.
With regard to the contention that the trial court exceeded the scope of the matter under review, we find that the trial judge had before him the entire record of the administrative procedure. It was necessary for him to consider all aspects of the issues presented to him in order to resolve the controversy between the State and Daves Insurance. In this respect, Travelers Indemnity Company was not an indispensable party to these proceedings. The bid was made by Daves Insurance and that is the bid accepted by the State. The contract was between the State and Daves Insurance. They are the parties bound by the contract. We agree with the trial court's disposition of this objection.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of the State are fixed at $393.30.
AFFIRMED.
LOTTINGER, J., dissents. I am of the opinion that the trial judge failed to apply the proper standard of review of an administrative decision, i.e., whether the administrative decision was arbitrary and capricious. The majority compounds that error by its affirmance.
NOTES
[*] Judge John S. Covington of the 19th Judicial District Court has been duly elected to this court; that term begins on January 1, 1985. In the interim, the Supreme Court has appointed him to this court pro tempore.
[1] The State also filed a peremptory exception of non-joinder of indispensable party, a motion to remand, and alternatively, a motion to stay, all of which have been denied by this Court in "Harold G. Daves, et al. v. State of Louisiana, etc.," No. 83-CA-1198 on the docket of this Court in an unpublished opinion, decided December 22, 1983.