486 So.2d 95 (1986)
ALEXANDER AND ALEXANDER, INC. and Ralph W. Graham
v.
STATE of Louisiana, Through the DIVISION OF ADMINISTRATION; the Travelers Insurance Company, Daves Insurance Agency, Inc.; Wright Insurance Agency, Inc.; and Wright and Percy Insurance Agency, Inc.
No. 85-C-1538.
Supreme Court of Louisiana.
March 31, 1986.
*96 Gerald L. Walter, Jr., Schwab & Walter, Baton Rouge, for defendants-applicants.
Ledoux R. Provosty, Jr., F. Rae Swent, Provosty, Sadler & deLaunay, Alexandria, Charles McCowan, Jr., Kean, Miller Hawthorne, Baton Rouge, for plaintiffs-respondents.
CALOGERO, Justice.
The narrow issues before us at this time are whether plaintiff-respondents (Alexander and Alexander, Inc. and Ralph W. Graham) have stated a cause of action in a damage suit against defendant-relators (The Travelers Ins. Co., Daves Insurance Agency, Inc., Wright Insurance Agency, Inc., and Wright and Percy Insurance Agency, Inc.),[1] and, assuming a cause of action is stated, whether the suit has prescribed.
Plaintiffs' lawsuit was preceded by an administrative contest over the award of a state insurance contract, including litigation between the State and these same defendants. Daves v. State, Division of Administration, Office of Risk Management, 459 So.2d 1255 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1246 (La.1985). It is one of two suits brought by Alexander and Alexander, Inc. and its senior vice-president Ralph W. Graham. A mandamus suit to require the State to comply with R.S. 39:1551 et seq., including holding an administrative hearing on plaintiffs' protest of the award of a contract to defendants was dismissed on an exception of prescription. In the companion suit, which in part we review now, plaintiffs sued the State, Through the Division of Administration, Travelers Insurance Co., Daves Insurance Agency, Inc., Wright Insurance Agency, Inc. and Wright & Percy Insurance Agency, Inc. for $500,000.00 plus reasonable attorneys' fees and costs, or in respective alternatives, award to them of the contract which the Division of Administration awarded to defendants, or a voiding of the contract and ordering it rebid.
The historical facts are amply set out in the Court of Appeal opinion to which we specifically make reference here. See Alexander & Alexander, Inc. v. State, et al., 470 So.2d 976 (La.App. 1st Cir.1985).
Those facts will not be repeated except as clarity may require in the remainder of this opinion.
Exception of No Right and No Cause of Action
In the trial court defendants filed an exception of no right and no cause of action.[2] The trial court maintained the exception, *97 but the Court of Appeal reversed and remanded the case for further proceedings. We granted writs primarily to review the correctness of that decision.
In essence the petition charges the Divison of Administration with arbitrary and capricious conduct and non-compliance with the provisions of the procurement code resulting in the award of an insurance contract to defendants which should have been awarded to plaintiff; that defendants' bids deviated substantially from the bid requirements or terms of the bid proposal; that the Division of Administration should have accepted plaintiffs', not defendants', bid; that after being awarded the three year contract defendants adjusted the premium upward for the second year, thus effectively increasing the State's cost under the contract to an unconscionable sum and, in fact, one which if stated at the outset would have made plaintiff low bidder and would have prompted award of the contract to plaintiff, not defendant; and that the defendant failed to perform the contract in good faith.[3]]
*98 In Hero Lands Co. v. Texaco, Inc., 310 So.2d 93, 96 (La.1975) we presented the following analysis of the exception of no cause of action:
The function of the peremptory exception of no cause of action is to test the legal sufficiency of the petition. The correctness of the well-pleaded allegations of fact is conceded, the issue is whether the face of the petition presents a case which legally entitles the mover to the redress sought. It is the sufficiency of the petition or motion in law which is put at issue by the exception. Rebman v. Reed, 286 So.2d 341 (La.1973); Louisiana State Board of Medical Examiners v. England, 252 La.1000, 215 So.2d 640 (1968).
If a petition states a cause of action as to any ground or portion of the demand, the exception of no cause of action must be overruled. Louisiana & Arkansas Railway Company v. Goslkin, 258 La. 530, 246 So.2d 852 (1971); Burns v. Genovese, 254 La.237, 223 So.2d 160 (1969); Little v. Haik, 246 La.121, 163 So.2d 558 (1964); Elliot v. Dupuy, 242 La.173, 135 So.2d 54 (1961); United Mine Workers v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899 (1959).
In considering a petition against which an exception of no cause of action has been raised, every reasonable interpretation must be accorded its language in favor of maintaining the sufficiency of the petition and affording the litigant an opportunity to present his evidence. Eschete v. City of New Orleans, 258 La. 133, 245 So.2d 383 (1971); Erath Sugar Co. v. Broussard, 240 La.949, 125 So.2d 776 (1961). Pleadings must be reasonably construed as to afford litigants their day in court, to arrive at the truth and to avoid a miscarriage of justice. Budget Plan of Baton Rouge, Inc. v. Talbert, 276 So.2d 297 (La.1973).
We must therefore determine if the petition in this case, by any reasonable interpretation, states a cause of action such as to entitle petitioner to the redress sought.
There are scant few cases in our jurisprudence which address the rights of an unsuccessful bidder on a public contract to recover damages. Millette Enterprises, Inc. v. State, Division of Administration and Board of Trustees of State Employees Group Benefits Program, 417 So.2d 6 (La. App. 1st Cir.1982) writ denied, 417 So.2d 363 (La.1982) held that a cause of action under Civ.Code art. 2315 exists against the State of Louisiana, Through the Board of Trustees of the State Employees Group Benefits Program where the allegations were that by design and predetermination the Board caused plaintiff to expend time, effort and money in preparing bids when there was never any chance of Milliet's being awarded the contract since the Board had determined to award the services contract to another bidder regardless of the outcome of the bid contest. Millette, supra, specifically did not determine that a cause of action existed under Civil Code art. 2315 against the successful bidder. In fact in that very case the successful bidder, Continental Assurance Company (CNA) *99 had its peremptory exception of no cause of action sustained in the trial court and plaintiffs did not complain of that ruling on appeal.
Haughton Elevator Division v. State, Division of Administration, 367 So.2d 1161 (La.1979) is a case which entailed a suit to enjoin the letting of a bid to another. That decision of this Court spoke in dicta and in a footnote directly to the matter under consideration. The opinion recited:
The petition might be supplemented to claim damages from the awarding authority if it wrongfully awarded the contract to another bidder or even perhaps from a higher bidder who wrongfully received the contract.9 (Emphasis provided)

* * * * * *
9 It appears doubtful to us that a higher bidder should be held liable for damages if the contract is improperly awarded to it by a governmental agency (unless perhaps it participated in the commission of the wrongful act, La.Civ.Code art. 2324).
367 So.2d at 1169.
As between bidders on a public contract there is no duty owed which may give rise to a cause of action under La.Civ. Code art. 2315. The only cause of action which an unsuccessful bidder may have against a successful bidder for damages is under La.Civ.Code art. 2324, where it is alleged and shown that the successful bidder assisted in or encouraged a wrongful act. This Court's majority in Haughton was correct, although only in dicta, when it opined that an unsuccessful bidder might be entitled to damages (by virtue of C.C. 2324[4]) from a higher bidder who was wrongfully awarded a contract after participating with a governmental agency in the commission of a wrongful act.
In the instant case, paragraph number 10 of the petition alleges that the terms of Bid Proposal A-18 (prepared by the State, Division of Administration) were designed to accomodate the business interests of the Travelers group and to prevent competitive bidding. This allegation may state a cause of action against the State under the rationale of Millette, supra. However, there being no allegation of any assistance, encouragement or conspiracy on the part of the Travelers group in the commission of any wrongful act with the Division of Administration, plaintiff falls short of stating any cause of action against the Travelers group.
The petition, in paragraphs number 12 and 13, alleges certain deviations from the Bid Proposal instructions on the part of the Travelers group. There is no duty owed by one bidder to any other bidder requiring precise compliance with the bid specifications in submission of a bid such as will give rise to a cause of action under Civil Code art. 2315.
Finally, paragraph number 18 of the petition alleges that the premium under the contract increased from $1,267,596.00 in year one to $5,256,987.00 in year two and that the Travelers group has failed to perform the contract in good faith. These allegations, if they state any cause of action, state a cause of action which only the State has a right to bring against the Travelers group under the contract. In fact, those issues have been litigated and finally decided in Daves v. State, Division of Administration, Office of Risk Management, 459 So.2d 1255 (La.App. 1st Cir.1984), writ denied, 462 So.2d 1246 (La.1985). These allegations do not state a cause of action against the Traveler's group.
There are no other allegations of the petition stating a cause of action. The petition is completely devoid of any contention that the Travelers group assisted or encouraged the Division of Administration in any way in any wrongful act in connection with the submission or award of Bid Proposal A-18. A cause of action under *100 La.Civ.Code art. 2324 is the only cause of action which an unsuccessful bidder has the right to bring against the successful bidder. Accordingly, the decision of the Court of Appeal will be reversed.
However, La.Code of Civ.Proc., art. 934 provides:
Art. 934. Effect of sustaining peremptory exception.
When the ground of the objection pleaded by the peremptory exception may be removed by amendment to the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed.
Under the provisions of La.Code of Civ.Proc. art. 934, it is mandatory that the trial judge permit an amendment to the petition when the grounds of the objection pleaded by the exception are of such a nature might be removed by amendment. Wheelahan v. State, Louisiana State Claims Review Board, 376 So.2d 576 (La. App. 4th Cir.1979); Menard v. Associated Royal Crown Bottling Co., 249 So.2d 363 (La.App. 4th Cir.1971).
As a general rule, the first "shall" in La.Code of Civ.Proc. art. 934 requires that the adverse party be given an opportunity to amend where there is a conceivable possibility that a cause of action may be stated. Louisiana & Southern Life Insurance Co. v. New Orleans Steamship Association, International Longshoreman's Association (AFL-CIO) Welfare Plan, 384 So.2d 594 (La.App. 4th Cir.1980); Hodges v. LaSalle Parish Police Jury, 368 So.2d 1117 (La.App.3d Cir.1979). However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act. Louisiana & Southern Life Insurance Co., supra; Perkins v. Desrochers, 359 So.2d 323 (La.App. 4th Cir.1978), writ denied, 362 So.2d 578 (La.1978).
The judgment maintaining the exception of no cause of action in this case contains no order granting plaintiffs leave to amend their petition. We are of the opinion that, given the opportunity to amend, there is a possibility that plaintiff may be able to state a cause of action against defendants, and that the trial judge should have allowed such amendment. We will remand with the instructions that an order issue permitting plaintiffs to amend their petition, if they can, to state a cause of action, within a delay deemed reasonable by the trial court.
Exception of Prescription
In the courts below the defendants raised an exception of prescription. They urged the applicable prescriptive period for judicial review of administrative appeals under the Louisiana Procurement Code, La. R.S. 39:1692.[5] The Court of Appeal correctly affirmed the trial court's ruling denying the exception of prescription, for as the Court of Appeal asserted, defendants were relying upon the prescriptive period for judicial review of an administrative appeal when in fact the correct prescriptive period is not that, but the one for damages under Civil Code art. 2315.
In this Court, in the alternative, defendants filed for the first time in this litigation a peremptory exception of one year prescription.
This Court may consider the peremptory exception filed for the time in this Court since it was pleaded prior to submission of the case for decision, provided, of course, proof of the ground for the exception appears *101 of record. See La.Code of Civ.Proc. art. 2163. C.C.P. 2163 further provides that if ground for the peremptory exception pleaded in the appellate court is prescription the plaintiff may demand that the case be remanded to the trial court for trial of the exception.
While there has been no such demand made here, nonetheless it is propitious for that exception of prescription to be filed and ruled upon in the district court in light of the fact that we are remanding this case to the district court to permit the filing of amended pleadings.

Decree
For the above and foregoing reasons, the judgment of the Court of Appeal overruling defendants' exception of no cause of action is reversed; the exception of no cause of action is sustained; the case is remanded to the district court for entry of judgment allowing plaintiffs to amend their petition within a reasonable time to be prescribed by the district court.
REVERSED; REMANDED.
WATSON, J., concurs but observes that the exception of prescription probably should be sustained rather than remanding for amendment; it appears that any action alleged by amendment would have prescribed.
NOTES
[1] Daves Insurance Agency, Inc., Wright Insurance Agency, Inc., and/or Wright and Percy Insurance Agency, Inc. (a company somehow affiliated with Wright Insurance Agency, Inc.) participated in Bid A-18 as agents for Travelers Insurance Company. Sometimes, hereafter, we refer to the four as the Travelers group.
[2] The exception of no cause of action is, of course, to be distinguished from the exception of no right of action. In Roy O. Martin Lumber Co. v. St. Denis Securities Co., 225 La.51, 72 So.2d 257 (1954), this Court distinguished the two exceptions as follows:

"Generally speaking, an exception of no right of action serves to question the right of a plaintiff to maintain this suit, i.e, ... his interest in the subject matter of the proceeding, whereas an exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto. Outdoor Electric Advertising v. Saurage, 207 La.344, 21 So.2d 375; Termini v. McCormick, 208 La.221, 23 So.2d 52 and Bartholomew v. Impastato, La.App., 12 So.2d 700. The latter is triable entirely on the face of the papers, while evidence may be received under an exception of no right of action for the purpose of showing that plaintiff does not possess the right he claims or that the right does not exist. Soniat v. White, 153 La.424, 96 So. 19; Schmidt v. Conservative Homestead Association, 181 La.369, 159 So. 587; Duplain v. Wiltz, supra (La.App., 174 So. 652) and La Casse v. New Orleans, T. & M.R. Co., 135 La. 129, 62 So. 1012."
See also Hargroder v. Columbia Gulf Transmission Co., 290 So.2d 874 (La.1974); Babineaux v. Pernie-Bailey Drilling Co., 261 La.1080, 262 So.2d 328 (1972); L'Enfant, Civil Procedure, 31 La.L.Rev. 343 (1970-71); McMahon, Civil Procedure, 15 La.L.Rev. 376 (1957-58); McMahon, Civil Procedure, 18 La.L.Rev. 103 (1954-55).
[3] More comprehensively the petition contains the following allegations:

Plaintiffs regularly participate in the competitive bid process by which insurance contracts with the State of Louisiana are awarded; that bidding process is carried out through the Division of Administration charged with responsibilities under R.S. 39:1551, the Louisiana Procurement Code; The Division of Administration has arbitrarily and capriciously conducted the bidding process, as a consequence of which plaintiffs have been denied due process of law and suffered the loss of time, effort and money; plaintiffs endeavored to protest the contract awarded pursuant to Bid Proposal A-18 by filing written protest on various dates, which protests were denied without any administrative hearing ever being held; plaintiffs are aggrieved in connection with this solicitation award of a multi-year public contract concerning automobile liability insurance for the state.
On information and belief plaintiffs allege that the terms of Bid Proposal A-18 including the division of the bid into Part A and Part B, were designed to accommodate the business interests of the defendants. The Travelers Insurance Co., Wright and Percy Insurance Inc. and Daves Insurance Agency, Inc., and as designed prevented competitive bidding.
Plaintiff Alexander & Alexander, Inc. and the defendants Daves and Wright and Percy, among others, submitted a response to the Bid Proposal A-18. Alexander & Alexander made a total bid of $1,496,500.00 on Parts A and B; Daves Insurance Agency made a total bid of $1,154,688.00 on Part A and Wright and Percy Insurance, Inc. made a total bid of $112,908.00 on Part B.
The bid of defendant Wright & Percy Insurance, Inc. and/or Wright Insurance Agency, Inc. deviate substantially from the bid proposal in the following respects:
A. Bid submitted for Option I, Part B, by Wright and Percy Insurance, Inc., did not properly identify the bidder.
B. Bid bond attached to and accompanying bid submitted by Wright Insurance Agency, Inc., named Wright and Percy Insurance, Inc., as the Principal.
C. Bid submitted by Wright and Percy Insurance, Inc., was signed by Wm. P. Schell, who is not an officer or employee of the bidder; nor is he licensed in the State of Louisiana as a property or casualty insurance agent, broker or solicitor and therefore, would not be legally qualified to solicit automobile liability insurance.
D. Several changes and footnotes that were required by an addendum to the bid specifications were not added to or changed in the bid forms that are the basis for the award herein protested.
E. Coverage was conditioned on an annual premium adjustment.
The bid of Daves Insurance Agency deviated substantially from the bid proposal as follows:
A. Several changes and footnotes that were required by an addendum to the bid specifications were not added to or changed in the bid forms that are the basis for the award herein protested.
B. Coverage was conditioned on an annual premium adjustment.
Alexander & Alexander, Inc.'s bid was regular in form and was responsive to the bid proposal and therefore should have been accepted as the lowest responsive and responsible bidder on Bid Proposal A-18. Yet the bid submitted by Wright & Percy Insurance, Inc. and/or Wright Insurance Agency, Inc. and Daves Insurance Agency, Inc. was accepted.
The decision to accept defendants' bid was arbitrary and capricious and made in a manner contrary to the established policies and procedures of the Division of Administration. Defendants' arbitrary and capricious actions caused plaintiffs to expend time, money and effort without any fair chance at being awarded the public contract at issue and caused the loss of profits and commissions in the amount of $500,000.00.
In March, 1983, defendant, The Travelers Insurance Company, provided notice that the annual premium on the contract awarded pursuant to Bid Proposal A-18 would be adjusted upward from the bid figure increasing the original bid price of approximately $1,267,596.00 to approximately $5,256,987.00 for the second year of the contract, said amount being exorbitant and unconscionable.
Defendant, the Travelers Insurance Co. has failed to perform the contract in good faith.
[4] Art. 2324. Liability for assisting or encouraging wrongful act

He who causes another person to do an unlawful act, or assists or encourages in the commission of it, is answerable, in solido, with that person, for the damage caused by such act.
* * * * * *
[5] 1692. Prescription on actions

A. Protested solicitations and awards. Any action under R.S. 39:1691(A) shall be commenced within fourteen days after receipt of the decision of the commissioner under R.S. 39:1683(C).
B. Debarments and suspension for cause. Any action under R.S. 39:1691(B) shall be commenced within sixty days after receipt of the decision of the commissioner under R.S. 39:1684(C).
C. Actions under contracts or for breach of contract controversies. Any action under R.S. 39:1691(C) shall be commenced within sixty days after receipt of the decision of the commissioner under R.S. 39:1685(C).