hKNOLL, Judge.
This appeal concerns the trial court’s dismissal of reconventional demands and third-party demands on the basis that they failed to state a cause of action. In order to place the trial court’s action into perspective it is first necessary to understand the facts at issue.
Southland Salvage, Inc. (Southland Salvage) was incorporated on May 30, 1989. James Michael Guidry was a director of Southland Salvage and a shareholder in LGT Group, Inc., the sole shareholder in South-land Salvage. Southland Salvage filed for bankruptcy protection on March 21, 1991. W. Simmons Sandoz was appointed trustee for the bankrupt corporation.
In late 1992, Warren G. Rush (Rush) and Rush, Rush and Calogero (RR & C), bank attorneys for Bank of Sunset and Trust Company (Bank of Sunset), Southland Salvage’s largest creditor, approached the bankruptcy trustee with allegations thatj^Southland Salvage made preferential transfers and fraudulent conveyances to other creditors. The trustee hired Rush and RR & C to pursue recovery of the preferential transfers.
On September 10,1992, Rush and RR & C sent letters to Southland Salvage creditors, telling them that the corporation made preferential payments to make it possible for James Guidry to do business as another entity, namely, Southland Truck Center, Inc. (Southland Truck). The pleadings indicate that Guidry began operating Southland Truck to provide a livelihood for himself and his family in September of 1990. The pleadings further alleged that former vendors and customers of Southland Salvage began doing business with Southland Truck.
After Rush and RR & C circulated their letters to Southland Salvage creditors, South-land Truck and Guidry filed an action in defamation against the Bank of Sunset,[1] Rush, and RR & C. In the defamation action, Southland Truck and Guidry alleged that they were defamed when the Bank, Rush, and RR & C sent a letter to Southland Truck customers advising them that South-land Salvage, prior to its entry into bankruptcy proceedings, made preferential payments to them to make it possible for Guidry to continue serving them through Southland Truck.
Rush and RR & C answered the lawsuit and filed reconventional demands against Southland Truck and Guidry; they further filed third-party demands against Southland Salvage, Larry Leger, Melissa Andrepont, Arlene Landry, and Donna Guidry, persons allegedly responsible for the preparation of the corporate books. The basis of the recon-ventional demands and third-party demands of Rush and RR & C is their contention that if they defamed Southland Truck and Guidry, their liability wasjjjcaused by one or more of the defendants in reconvention or third-party defendants who compiled misleading records which led Rush and RR & C to believe that *969 Southland Salvage made preferential payments to creditors.
The trial court granted the exceptions of no cause of action filed by the defendants in reconvention and third-party defendants. It based its decision on two grounds: (1) the contentions of Rush and RR & C were more akin to a defense to the defamation action; and (2) no cause of action was stated because none of the defendants in reconvention and third-party defendants owed a duty to provide Rush and RR & C with accurate business records for Southland Salvage.
Rush and RR & C contend on appeal that the trial court erred in granting the peremptory exceptions of no cause of action. They argue that the defendants in reeonvention and third-party defendants owed them a duty under general tort law causes of action for negligent and intentional misrepresentation, corporate law, and bankruptcy law.
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). Cause of action as used in the context of the peremptory exception means the operative facts which give rise to the plaintiffs right to judicially assert the action against the defendant. Everything On Wheels v. Subaru South, 616 So.2d 1234 (La.1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. LSA-C.C.P. Art. 931. Accordingly, the trial court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Everything On Wheels, 616 So.2d 14at 1238. Furthermore, as recently stated in Montalvo v. Sondes, 93-2813, p. 6 (La. 5/23/94); 637 So.2d 127, Louisiana retains a system of fact pleading. LSA-C.C.P. Art. 854, official revision comment (a). The mere conclusion of the pleader unsupported by facts does not set forth a cause of action. Montalvo, supra, p. 6; 637 So.2d at 131. However, when the grounds of the exception of no cause of action may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. LSA-C.C.P. Art. 934; Barrie v. V.P. Exterminators, Inc., 625 So.2d 1007 (La.1993).
In the case sub judice, we find that the pleadings of Rush and RR & C fail to allege facts that state a cause of action against the defendants in reconvention and third-party defendants. After reviewing the pleadings, we find that Rush and RR & C fail to allege facts that establish any legal relationship that could form the basis for finding that the defendants in reconvention and third-party defendants owed any duty to Rush and RR & C. Furthermore, there are no facts stated in the pleadings which would show that any of the third-party defendants or defendants in reconvention supplied Rush and RR & C with any of the information which formed the basis for their conclusion that Southland Salvage made preferential payments to creditors.
Looking more closely at the individual defendants designated by Rush and RR & C, there are no facts alleged that address the relationship of Southland Salvage and South-land Truck or how Southland Truck could have been liable for errors contained in corporate books of Southland Salvage. Likewise, there are no facts alleged that woul¿_ indicate that the individuals named were employees of Southland Truck, thus making that company vicariously liable for their actions, or that they were in the course and scope of their employment when their negligent acts occurred.
Accordingly, we find that the trial court properly determined that the pleadings Rof Rush and RR & C failed to state a cause of action against the third-party defendants and the defendants in reconvention.
Nevertheless, LSA-C.C.P. Art. 934 provides as follows:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plain *970 tiff fails to comply with the order to amend, the action shall be dismissed.
In Alexander & Alexander, Inc. v. State, Through the Div. of Admin., 486 So.2d 95, 100 (La.1986), the Louisiana Supreme Court stated:
Under the provisions of La.Code of Civ. Proc. art. 934, it is mandatory that the trial judge permit an amendment to the petition when the grounds of the objection pleaded by the exception are of such a nature [as] might be removed by amendment.
As a general rule the first “shall” in La. Code of Civ.Proc. art. 934 requires that the adverse party be given an opportunity to amend where there is a conceivable possibility that a cause of action may be stated. However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act.
The judgment maintaining the exception of no cause of action in this case contains no order granting plaintiffs leave to amend their petition. We are of the opinion that, given the opportunity to amend, there is a possibility that plaintiff may be able to state a cause of action against defendants, and that the trial judge should have allowed such amendment. We will remand with the instructions that an order issue permitting plaintiffs to amend their petition, if they can, to state a cause of action, within a delay deemed reasonable by the trial court.
(Citations omitted).
After carefully reviewing the record in the case sub judice, we cannot say that there is no conceivable possibility that the petition of Rush and RR & C could be amended to state a cause of action against the defendants in reconvention and third-|party6 defendants. Accordingly, we must remand this case to the trial court for compliance with LSA-C.C.P. Art. 934.
For the foregoing reasons, the judgment of the trial court granting the peremptory exceptions of no cause of action is affirmed. This case is remanded to the trial court with the instruction that an order be issued to Warren Rush and Rush, Rush and Calogero to amend their third-party petition and re-conventional demand to state a cause of action against the various defendants, if they can, within a delay deemed reasonable by the trial court. Costs of this appeal are assessed to Rush and Rush, Rush and Calogero.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.

. The Bank of Sunset and Trust Company did not file any reconventional or third-party demand. Accordingly, it is not a party to this appeal.