*1113 In this matter, the trial court granted defendants' exceptions of no cause of action and no right of action following its denial of plaintiff's motion to amend his petition. Plaintiff has applied for writs with this Court following the appellate court's affirmance of the trial court's decision. I would reverse the lower courts and allow plaintiff an opportunity to amend his petition to state a cause of action.
Pertinent to this case is La. C.C.P. art. 934, which states:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.
Though La. C.C.P. art. 934 contains mandatory language ("shall"), which requires the court to allow an amendment of the petition, such an allowance is only required when the grounds of the objection pleaded by the peremptory exception "may be removed." However, the relevant jurisprudence makes it clear that the right to amend is not so absolute as to permit an amendment when such an amendment would constitute a vain and useless act. Alexander and Alexander Inc. v. State, Div. of Admin., 486 So.2d 95 (La. 1986).
In this case, the plaintiff has already amended his petition once in response to defendants' exceptions of no cause of action and no right of action. The trial court has now denied plaintiff's request to once again amend his pleadings and has dismissed the case with prejudice. It is noteworthy that the trial court failed to articulate its reasons for refusing to permit a second amendment of plaintiff's petition. Specifically, the trial court did not state that plaintiff could not cure the alleged defect in his pleadings or that such an amendment (whatever it may be) would be a vain and useless act. Additionally, La. C.C.P. art. 934 does not limit a litigant to one amendment of his petition.
In the instant matter, because the grant of the defendants' exceptions dismissing plaintiff's claims with prejudice is fatal and permanent, plaintiff is thrown out of court without any rhyme or reason. It's "game over." In my view, the trial court's ruling was manifestly erroneous and an abuse of discretion. Plaintiff should have been allowed to amend his petition absent a finding by the trial court that allowing same would be a vain and useless act. Thus, I would reverse the lower courts and allow plaintiff a second opportunity to amend his petition.