GWENDOLYN M. HANHART     *     NO. 2024-C-0479

VERSUS     *     COURT OF APPEAL

LOUISIANA CVS PHARMACY     *     FOURTH CIRCUIT
LLC; CVS PHARMACY INC.;
CVS HEALTH SOLUTIONS     *     STATE OF LOUISIANA
LLC
    *

    *
* * * * * * *

SCJ

JENKINS, J. CONCURS IN PART AND DISSENTS IN PART.

I concur with the majority's position that the plaintiff's petition does not sufficiently set forth a cause of action for intentional infliction of emotional distress. However, I respectfully dissent from the dismissal of the plaintiff's cause of action with prejudice.

La. C.C.P. article 934 provides, in pertinent part, that "[w]hen the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." See also *An Erny Girl L.L.C. v. BCNO 4 L.L.C.*, 2018-0360, pp. 13-14 (La. App. 4 Cir. 9/26/18), 257 So.3d 212, 222-23. Where there is a conceivable possibility an adverse party might state an action, courts must give that party an opportunity to amend. *Hamp's Constr., LLC v. 1031 Canal, LLC*, 2020-0182, p. 11 (La. App. 4 Cir. 12/9/20), 312 So.3d 299, 306 (citing *Alexander and Alexander, Inc., Div. of Adm.*, 486 So.2d 95, 100 (La. 1986)).

I would dismiss the plaintiff's petition without prejudice and remand the matter to the trial court to allow the plaintiff the opportunity to amend her petition.