612 So.2d 847 (1992)
STAFFORD CONSTRUCTION COMPANY, INC.
v.
TERREBONNE PARISH SCHOOL BOARD, et al.
No. 92 CA 1320.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
Writ Denied March 19, 1993.
*848 J. Donald Cascio, Denham Springs, for plaintiff and appellantStafford Const.
Collins C. Rossi, Metairie, for defendant and appelleeTerrebonne Parish School Bd.
Craig L. Kaster, Baton Rouge, for defendant and appelleeAcadian Builders.
Before CARTER, LeBLANC and CHIASSON,[1] JJ.
CARTER, Judge.
This is an appeal from a trial court judgment maintaining peremptory exceptions raising the objection of no cause of action.

FACTS
On August 20, 1989, in accordance with the provisions of LSA-R.S. 38:2211, et seq., the Terrebonne Parish School Board ("School Board") advertised for bid proposals for renovations and additions to Acadian Elementary and Broadmoor Elementary schools. According to the advertisement, all bids were to be submitted to the School Board by September 20, 1989, and were to include a power of attorney, if the bidder was a corporate entity.
On September 20, 1989, the School Board reviewed the bid proposals and accepted the bid of Acadian Builders of Gonzales, Inc. ("Acadian"). Although Acadian's bid did not contain a power of attorney upon its initial submission, after being contacted by the School Board, Acadian forwarded a power of attorney to them.
On October 6, 1989, the School Board entered into a contract with Acadian, and construction pursuant to this contract began shortly thereafter. On October 16, 1989, the next lowest bidder, Stafford Construction Company, Inc. ("Stafford"), filed suit against the School Board and Acadian, challenging the award of the contract to *849 Acadian. In its petition, Stafford alleged that Acadian's bid was null and void because it had not been properly prepared in accordance with the specifications and that the School Board should not have accepted the flawed bid. Accordingly, Stafford requested that the court declare the Acadian bid to be null and void, that Stafford be awarded the public contract, that preliminary and permanent injunctions be issued, and that a mandamus be issued to award Stafford the public contract.[2] A hearing for the preliminary injunction was set for November 10, 1989. After arguments, the trial judge denied Stafford's request for a preliminary injunction.
Thereafter, Stafford immediately requested relief with the First Circuit Court of Appeal by applying for writs of certiorari, which were denied on November 22, 1989. In denying Stafford's writ application, the appellate court noted that the judgment complained of was an appealable judgment. On December 8, 1989, Stafford filed a motion for expedited appeal, which was granted by the court, and the matter was docketed for the February, 1990 docket of the appellate court. On April 10, 1990, this court determined that the trial court erred in denying Stafford's request for a preliminary injunction on the basis of its erroneous legal conclusion that the omission of the corporate resolution from Acadian's bid was only a "minor, insignificant formality" rather than an error of substance. See Stafford Construction Company v. Terrebonne Parish School Board, 560 So.2d 558, 560-61 (La.App. 1st Cir.1990). However, because this court was unable to determine from the record the status of the work under the contract and whether to reverse the trial court judgment and issue the injunction or to grant other relief as provided by law, the matter was remanded to the trial court.
After the remand, on May 30, 1990, Stafford filed a supplemental petition asserting that the contract sought to be enjoined provided for the completion of construction by the first week of June, 1990. Stafford also alleged that its failure to request a temporary restraining order or injunction at this stage of the proceedings would not adversely affect its damage claim. Stafford then set forth the specific items of damages it contends that it suffered as a result of its failure to receive the contract. In its answer to the supplemental petition, Acadian admitted that the work pursuant to the contract was substantially complete, but denied that Stafford was entitled to any relief. The School Board also admitted that the work was substantially complete, but denied that Stafford was entitled to any relief.
Thereafter, the School Board filed a peremptory exception raising the objections of no cause of action and no right of action. The School Board contended that Stafford's petition does not state a cause of action because Stafford failed to seek injunctive relief timely, citing Hartman Enterprises, Inc. v. Ascension-St. James Airport and Transportation Authority, 582 So.2d 198 (La.App. 1st Cir.), writ denied, 582 So.2d 195 (La.1991) and Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d 1029 (La.1990). The School Board contended that Stafford does not have a right of action because LSA-R.S. 38:2220, as it existed at the time Acadian was awarded the contract, authorized civil penalty action only when the action is brought by the District Attorney or Attorney General.
On November 14, 1992, the trial judge maintained the School Board's peremptory exception raising the objection of no cause of action and dismissed Stafford's suit for damages against the School Board.[3] The trial judge noted that although Stafford *850 had done everything legally required of it to preserve its action against the School Board prior to its appeal, after the appellate court rendered its opinion, Stafford permitted too much time to elapse. Accordingly, the trial judge determined that, by failing to request a temporary restraining order or to request that a hearing on the preliminary injunction be set immediately after the appellate court's ruling, Stafford waived any claim for damages against the School Board.[4] By judgment dated April 27, 1992, the trial court denied Stafford's motion for a new trial.
Acadian, likewise, filed a peremptory exception pleading the objections of no cause of action and no right of action. Acadian contended that Stafford's petition does not state a cause of action because it failed to timely seek injunctive relief. Acadian contended that Stafford did not have a right of action against Acadian because the law does not recognize an aggrieved bidder's position to seek damages against a successful bidder. By judgment dated April 27, 1992, the trial court determined that Stafford failed to meet the requirements set forth in Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d at 1029, and Hartman Enterprises, Inc. v. Ascension-St. James Airport and Transportation Authority, 582 So.2d at 198. Accordingly, the trial court maintained the peremptory exception raising the objection of no cause and/or no right of action and dismissed Stafford's claims against Acadian.[5]
From these adverse judgments, Stafford appeals asserting two assignments of error:
1. The Trial Court was in error when it held that the stipulation by all parties to this proceeding to the effect that construction of the project was substantially complete was an issue of law and not an issue of fact, and rendering judgment against appellant without affording to it an opportunity to submit testimony on the subject.
2. The Trial Court was in error in holding that the failure of appellant to obtain a restraining order or injunction after this Court's decision became final amounted to a waiver of appellant's right to damages.

EXCEPTIONS
The peremptory exception pleading the objection of no cause of action is a procedural device pleaded to raise the question of whether any remedy is afforded by law. Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App.3rd Cir.1990); Robinson v. North American Royalties, Inc., 463 So.2d 1384, 1386 (La.App. 3rd Cir.), amended on other grounds, 470 So.2d 112 (La.1985). The purpose of this objection is to test the legal sufficiency of the pleadings. In other words, the exception pleading the objection of no cause of action tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d 601, 603 (La.App. 3rd Cir.1989); Bordelon v. Cochrane, 533 So.2d 82, 84-85 (La.App.3rd Cir.1988), writ denied, 536 So.2d 1255 (La. 1989).
For purposes of ruling on the exception pleading the objection of no cause of action, the court must accept all of the allegations of the petition as true and sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d at 603. No evidence may be introduced to support or controvert *851 the objection of no cause of action. LSA-C.C.P. art. 931; Ward v. Tenneco Oil Company, 564 So.2d at 820.
The general rule is that where a petition states a cause of action as to any ground or portion of a demand, the exception of no cause of action should be overruled or denied. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d at 603. The purpose of this rule is prevent piecemeal litigation and to avoid multiple appeals. Rodriguez v. American Bankers Insurance Company of Florida, 386 So.2d 652, 653 (La.1980); Ward v. Tenneco Oil Company, 564 So.2d at 820. However, an exception to this rule exists when separate and distinct causes of action are included in one petition. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bordelon v. Cochrane, 533 So.2d at 89.
The exception pleading the objection of no right of action, on the other hand, addresses itself to whether the particular plaintiff falls, as a matter of law, within the general class in whose favor the law grants the cause of action sought to be asserted in the suit. Wonycott v. Wonycott, 579 So.2d 506, 508 (La.App. 4th Cir. 1991); Meche v. Arceneaux, 460 So.2d 89, 90 (La.App. 3rd Cir.1984). This objection is a threshold device to terminate a suit brought by one who has no interest in enforcing judicially the right asserted. Meche v. Arceneaux, 460 So.2d at 90.
In the instant case, the School Board and Acadian filed peremptory exceptions pleading the objection of no cause of action to challenge whether Stafford's failure to seek injunctive relief following the rendition of the opinion by the appellate court precludes its assertion of a cause of action for damages. The School Board's peremptory exception raising the objection of no right of action addressed its contentions that Stafford does not have a right of action because LSA-R.S. 38:2220 authorizes civil penalty action only when the action is brought by the District Attorney or Attorney General. Acadian's peremptory exception raising the objection of no right of action addressed its contentions that Stafford did not have a right of action against Acadian because the law does not recognize an aggrieved bidder's position to seek damages against a successful bidder.
The Louisiana Supreme Court in Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d at 1033-34, held that an unsuccessful bidder on a public contract who fails to resort to the relief granted by statute by attempting to enjoin timely the execution or performance of the contract, when the facts necessary for injunctive relief are known or are readily ascertainable by the bidder, is precluded from recovering damages against the public body. However, the court also acknowledged the dilemma created when an unsuccessful bidder files a timely application for injunctive relief which is denied in the district court and which is not reviewed on the merits by the appellate court because of substantial completion of the project during the lag time between the judgment of the district court and the review by the court of appeal. The court held that, in such circumstances, the determination of the timeliness of a suit for injunctive relief depends on the facts and circumstances of each case,
[I]ncluding, among other things, the knowledge possessed by the attacking bidder concerning the wrongful award of the contract, the point in time the bidder acquired this knowledge, the point in time that the public body became indebted to the successful bidder, and the time period between the awarding of the illegal contract and the completion of construction.
568 So.2d at 1035.
In applying the test set forth in Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d at 1033, this court in Hartman Enterprises, Inc. v. Ascension-St. James Airport and Transportation Authority, 582 So.2d at 201, determined that a plaintiff who failed to seek a temporary restraining order or to insist that a hearing on the preliminary injunction be set within ten days of the filing of the petition on a short-term contract failed to insist upon the rights available to him and *852 had waived any rights available. As a result, the court concluded that the plaintiff was precluded from recovering damages against a public body.
In the instant case, the trial court, in its reasons for judgment, found that Stafford had not acted timely, noting the following:
This Trial Court feels that up until this point, STAFFORD CONSTRUCTION had done everything it legally had to do, to preserve the cause of action for damages against the TERREBONNE PARISH SCHOOL BOARD and ACADIAN BUILDERS OF GONZALES, INC., if it had one under our laws. However, it's at this point where the Court feels that STAFFORD CONSTRUCTION allowed too much time to elapse. As noted, the decision of the Court of Appeal was April 10, 1990. It was not until May 30, 1990, that STAFFORD CONSTRUCTION, again, appears of record, urging a claim for damages, and, alternatively, if objections are raised by the defendants, for restraining order and/or injunctive relief. STAFFORD CONSTRUCTION did not attach therewith an Order of Court to issue any restraining order or set a hearing on preliminary injunction immediately. STAFFORD CONSTRUCTION did not take action until 50 days after the Court of Appeal reversed the original Trial Court on the original hearing for preliminary injunction. It is obvious from the Supplemental Petition filed on May 30, that the job completion was scheduled for sometime in the first week of June, 1990. If STAFFORD CONSTRUCTION had taken immediate action, after the April 10, 1990, Judgment of the Court of Appeal Judgment [sic], some type of financial relief or partial award of the contract or pro-rata work of the contract could have been accomplished.
Therefore, we must first determine whether Stafford's actions preclude its request for damages. A review of the entire record, including the petition as supplemented, reveals that Stafford possessed knowledge concerning the wrongful award of the contract on or about October 6, 1989, near the point in time that the public body became indebted to Acadian by entering into a contract with them. The time period between the awarding of the illegal contract and Stafford's initiation of proceedings to halt the performance of the contract was ten days. Thereafter, upon receiving an unfavorable decision from the trial court regarding its request for injunctive relief, Stafford filed a writ application and an appeal with the court of appeal. Stafford also requested that the appeal be expedited. The lag time between the rendition of the judgment by the trial court and a determination by the appellate court was approximately four months. After the appellate court's decision was handed down on April 10, 1990, the judgment of the appellate court did not become final until the passage of the delays set forth in LSA-C.C.P. art. 2166.[6] Because no application for rehearing was filed by the School Board or Acadian, the court of appeal judgment did not become final until after May 10, 1990. Stafford then filed its amended petition with the trial court on May 30, 1990, some twenty days later, alleging that the contract was due for completion in June, 1990, which was admitted by all parties.
Considering all of the foregoing, we find that Stafford attempted to timely enjoin the execution or performance of the contract, when the facts necessary for injunctive relief were known or were readily ascertainable. Thereafter, Stafford took the necessary steps to preserve the review of the denial of its request for injunctive relief, which was ultimately recognized by the appellate court. Upon the finality of the judgment in the court of appeal, Stafford *853 acted within twenty days to recommence the action in the trial court. We find that Stafford acted reasonably and prudently in attempting to timely enjoin the execution and performance of the contract between the School Board and Acadian. Therefore, Stafford should not be precluded from asserting its claims for damages.
However, what remedies are available to an unsuccessful bidder who attempts, though unsuccessfully, to enjoin timely the performance or execution of a wrongful contract?
In Alexander & Alexander, Inc. v. State, Division of Administration, 486 So.2d 95, 98 (La.1986), the court noted that there are few cases in our jurisprudence which address the rights of an unsuccessful bidder on a public contract to recover damages. In Haughton Elevator Division v. State, Division of Administration, 367 So.2d 1161, 1164 (La.1979), the Louisiana Supreme Court declared that "a low bidder may ... sue to set aside the award of the contract to another bidder and may enjoin the agency from the execution of such contract, where the agency arbitrarily rejected the low bid." See also Bristol Steel and Iron Works, Inc. v. State, Department of Transportation and Development, 504 So.2d 941, 947 (La.App. 1st Cir.1987), reversed on other grounds, 507 So.2d 1233, 1236 (La.1987); North Central Utilities, Inc. v. Walker Community Water System, Inc., 437 So.2d 922, 924 (La.App. 2nd Cir. 1983). In Millette Enterprises, Inc. v. State, Division of Administration and Board of Trustees of State Employees Group Benefits Program, 417 So.2d 6, 10 (La.App. 1st Cir.), writ denied 417 So.2d 363 (La.1982), the court held that a cause of action under LSA-C.C. art. 2315 existed against the public body where the allegations were that, by design and predetermination, the Board caused the plaintiff to expend time and money in preparing bids when there was never any chance of the bidder being awarded the contract since the Board had determined to award the services contract to another bidder regardless of the outcome of the bid contest. See also Davis v. Natchitoches Parish School Board, 525 So.2d 624, 628 (La.App. 3rd Cir.1988).
With regard to Stafford's action against the School Board, we find that Stafford alleged in its original and supplemental petitions that the bid accepted by the School Board was flawed, that, with the exception of this flawed bid, Stafford was the low bidder on the contract, and that the acceptance of this flawed bid by the School Board damaged Stafford. Clearly, Stafford's petition, as supplemented, requested claims for injunctive relief and damages against the School Board. As such, the petition sets forth a cause of action, and the trial court erred in dismissing Stafford's damage claim against the School Board.
As between bidders on a public contract, there is no duty owed which may give rise to a cause of action under LSA-C.C. art. 2315. The only cause of action which an unsuccessful bidder may have against a successful bidder for damages is under LSA-C.C. art. 2324, where it is alleged and shown that the successful bidder assisted in or encouraged the wrongful act. Alexander & Alexander, Inc. v. State, Division of Administration, 486 So.2d at 98; Haughton Elevator Division v. State, Division of Administration, 367 So.2d at 1169.
With regard to Stafford's action against Acadian, there are no allegations in Stafford's original or supplemental petition stating a cause of action against Acadian. The petition is completely devoid of any contention that Acadian assisted or encouraged the School Board in any wrongful act in connection with the submission or award of the contract. However, under LSA-C.C.P. art. 934, the court is required to permit an amendment to the petition when the grounds of an objection raised in an exception are of such a nature that might be removed by amendment. Airline Construction Company, Inc. v. Ascension Parish School Board, 568 So.2d at 1035; Alexander & Alexander, Inc. v. State, Division of Administration, 486 So.2d at 100. The judgment maintaining Acadian's *854 exception pleading the objection of no cause of action does not contain an order granting Stafford an opportunity to amend its petition. Given the opportunity to amend, Stafford may possibly be able to state a cause of action against the successful bidder, Acadian. Therefore, we find that the trial judge should have allowed Stafford an opportunity to make such an amendment.

CONCLUSION
For the above reasons, the judgment of the trial court maintaining the peremptory exception raising the objection of no cause of action as to the School Board is reversed, and the matter is remanded to the trial court for further proceedings consistent with the views expressed herein. The trial court judgment maintaining the peremptory exception pleading the objection of no cause of action as to Acadian is affirmed, and the matter is remanded to the trial court to give Stafford an opportunity to amend its petition so as to state a cause of action against Acadian, if it can. The assessment of costs is to await a final determination of the case on the merits.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
LeBLANC, J., concurred in the result.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Stafford did not seek a temporary restraining order, nor did it request that a hearing on the injunction be set within ten days of the filing of the petition.
[3] Although the judgment and reasons for judgment refer to the exception maintained by the trial court as "an exception of no cause and/or no right of action," we note that Louisiana does not have an exception of this type. Although the exception filed and ruled upon did not employ the correct terminology, a careful reading of the reasons for judgment reveals that the trial court ruling addressed only the exception pleading the objection of no cause of action.
[4] The trial court judgment on this ruling was signed on December 5, 1991.
[5] The judgment refers to the exception maintained as an "exception of no cause and/or no right of action," and the judgment sets forth the two positions urged by Acadian in their exception. First, Stafford has no cause of action against Acadian because of Stafford's failure to timely seek injunctive relief. Second, Louisiana law does not recognize an aggrieved bidder's position to seek damages against a successful bidder. Assuming that the second position urges a no right of action objection, the judgment specifically indicated that the court does not need to reach that decision.
[6] Under LSA-C.C.P. art. 2166, "[w]ithin fourteen days of the mailing of the notice of the judgment and opinion of the court of appeal, a party may apply to the court of appeal for a rehearing. Within thirty days of the mailing of the notice of the judgment and opinion of the court of appeal, a party may apply to the supreme court for a writ of certiorari. The judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed."