Dear Mr. Rawls:
On behalf of the Morgan City Harbor and Terminal District (the Port Commission) you have requested the opinion of this office on the following issues:
 1. Does the Port Commission have the legal right and power to consider the unsigned "Certification Regarding Lobbying" submitted by a bidder as an informality, waive same, and award a contract to the apparent low bidder who has failed to execute this certificate?
 2. Can the Port Commission reject all bids and re-bid the entire job because of the failure of some of the bidders to execute the required certificate?
You indicate that the book of contract documents prepared by the Port Commission engineer for proposed improvements to the port's facilities contained the following instruction:
 1. Standard form Page J-43 of Construction Proposal, "Certification Regarding Lobbying", shall be signed, dated and submitted with entire construction proposal at the time and date specified for the receipt of bids.
On September 1, 1993 twelve bids were received from contractors interested in constructing this public work, nine of which included the signed certificate, standard form Page J-43. Three bidders did not execute this certificate. Based on the advice of counsel and the concurrence of the project engineer, the Port Commission did not consider the three bids which omitted the certificate. Among the three bids not considered was the apparent low bid on the project. The bids were taken under advisement and no contract has been awarded.
We concur with the advice of the Port Commission engineer and attorney that bids which omitted this certificate cannot be considered.
There was a long standing tradition in public procurement that a governing body could "waive informalities" in matters of form but could not waive requirements in matters of substance when considering bids made with less than complete compliance with bid requirements. This view was clearly articulated in Sullivan v. City of Baton Rouge, 345 So.2d 912 (La.App. 5th Cir. 1976) and reached its logical extension in Pittman Construction v. Parish of East Baton Rouge, 493 So.2d 178 (La.App. 1st Cir. 1986).
In an apparent legislative overruling of the rule of Sullivan and Pittman, the legislature enacted Acts 195 of 1986 and 398 of 1987, creating R.S. 38:2212A(1)(b) which now reads:
 "The provisions and requirements of this Section, those stated in the advertisement for bids, and those required on the bid form shall not be considered as informalities and shall not be waived by any public entity."
The jurisprudence since that enactment has come to reflect the public policy of the new statutory provision. Donald M. Clement Contractor, Inc. v. St. Charles Parish, 524 So.2d 86 (La.App. 5th Cir. 1988); Thigpen Construction Co., Inc. v. Jefferson Parish, 560 So.2d 947 (La.App. 5th Cir. 1990); and Stafford Construction Co., Inc. v. Terrebonne Parish School Board,612 So.2d 847 (La.App. 1st Cir. 1992); writ denied, 614 So.2d 82.
Stafford, supra, held that by accepting a flawed bid the public body subjected itself to a claim for damages timely asserted by the next low bidder. This is a precedent which should have a chilling effect upon the waiver by public bodies of any requirements set forth in public bid advertisements and specifications.
Given the explicit provisions of R.S. 38:2212 A(1)(b) and the holdings in Clement, Thigpen and Stafford, supra, it is our opinion that the Port Commission may not consider those bids which omitted the "Certification Regarding Lobbying" required in the contract documents, including the bid of the apparent low bidder.
Your second inquiry is whether the Port Commission may reject all bids and re-bid the entire job because of the failure of some of the bidders to execute the required certificate.
R.S. 38:2214 B sets forth the relevant statutory law:
 "The public entity may reject any and all bids for just cause. Just cause for the purpose of the construction of public works is defined, but is not limited to the following circumstances:
 (1) The public entity's unavailability of funds sufficient for the construction of the proposed public work.
 (2) The failure of any bidder to submit a bid within an established threshold of preconstruction estimates for that public work, as part of the bid specifications.
 (3) A substantial change by the public entity prior to the award in the scope or design of the proposed public work.
 (4) A determination by the public entity not to build the proposed public work within twelve months of the date for the public opening and reading of bids.
(5) The disqualification by the public entity of all bidders."
While this list of "just cause" is not exclusive, it suggests the tenor of reasons for the cancellation of a solicitation once bids are opened. As with the evolution of the waiver of irregularities discussed above, the right to reject bids has been progressively reduced in recent years at the hands of both the legislature and the judiciary. Prior to 1983, R.S. 38:2214
authorized the rejection of bids "for cause" but an amendment by Act 111 of 1983 raised the burden to "for just cause". Act 1043
of 1991 expanded "just cause" into the illustrative laundry list which now appears in paragraph B of the Section. See also, Milton J. Womack, Inc. v. Legislative Budgetary Control Council,470 So.2d 460 (La.App. 1st Cir. 1985).
While none of the "laundry list" set forth in R.S. 38:2214B is directly on point with your situation, there does seem to be a safe inference from item (5) that the disqualification of something less than "all bidders" will not constitute "just cause". In this solicitation, the Port Commission had nine apparently responsive bidders, an ample lot from which to choose.
In some situations, there may be confusion or ambiguity in the language or organization of the solicitation documents which would constitute "just cause" to cancel the solicitation in fairness to bidders who have been prejudiced by the lack of clarity. However, your contract documents set forth with exemplary clarity that the certificate in question was to be "signed, dated and submitted with entire construction proposal at the time and date specified for the receipt of bids." This requirement could hardly have been more clearly stated nor made more mandatory.
Therefore, it is our opinion that the Port Commission may not reject all bids and rebid the entire job because of the failure of some of the bidders to execute the required certificate.
To both of these issues the following language regarding public procurement from the case of Superior Oil Co. v. Udall, 409 F.2d 1115
(D.C. Cir. 1969) is appropriate:
 "It is also very important that bidders who comply faithfully and scrupulously with bidding regulations should not in effect be penalized by the errors of less careful bidders who fail to follow correct procedures."
I trust that this adequately addresses your inquiry. Please let me know if we may be of further assistance to you in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:472