714 So.2d 119 (1998)
WEBB CONSTRUCTION, INC., Plaintiff-Appellant,
v.
CITY OF SHREVEPORT, Defendant-Appellee.
No. 30491-CA.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1998.
*120 Evan E. Rogers, Shreveport, for Appellant.
John M. Madison, Jr., Shreveport, for Appellee.
Before NORRIS, HIGHTOWER and WILLIAMS, JJ.
WILLIAMS, Judge.
Plaintiff, Webb Construction, Inc., ("Webb") appeals a trial court judgment sustaining the exception of no cause of action filed by defendant, the City of Shreveport, ("City") and dismissing plaintiff's action with prejudice. For the following reasons, we reverse and remand for further proceedings.

FACTS
On August 26, 1994, Webb filed suit against the City because Webb was not awarded a City construction contract. Webb sued for damages including, but not limited to, loss of profits, attorney fees and any other amounts that might be proved at trial. The City responded with an exception of no cause of action. The trial court sustained the exception and dismissed Webb's petition with prejudice.
On appeal, this court considered this matter in Webb Const., Inc. v. City of Shreveport, 27,761 (La.App.2d Cir. 12/6/95), 665 So.2d 653, and summarized the allegations in plaintiff's petition as follows:
The following is a synopsis of the allegations in Webb's petition, which we accept as true for the purposes of the exception of no cause of action. La.C.C.P. art. 931; Everything on Wheels Subaru Inc. v. Subaru South Inc., 616 So.2d 1234 (La.1993). Webb alleged that in October 1993, the city solicited bids on behalf of the Shreveport Airport Authority to construct an above-ground storage tank fuel farm at Shreveport Regional Airport. Webb prepared and submitted a bid in accordance with the specifications, but the contract was awarded to The Netherton Company. Webb later learned, however, that Netherton's bid may have been flawed, and asked the City to review it. The City replied that Netherton's contract and documentation had been approved by appropriate review procedures. Webb then asked for copies of Netherton's contract, bonds and bid specifications; upon review of these, about a month later, Webb discovered "apparent deficiencies" in the bonds, and questioned the City about them. The City replied that Netherton had cured the deficiencies before the contract was awarded by substituting *121 certified funds in lieu of the required bid bond. Webb then asked for a copy of the certified funds; however, after repeated assurances that the material was forthcoming, on June 16, 1994 the City admitted that Netherton had never substituted certified funds for the defective bid bond. The City then offered Webb $7,500 to settle the matter without litigation, and expressed an intent to seek additional contribution from Netherton; however, by August 15, the City decided not to participate in any settlement.
Webb further alleged that its bid was the second lowest; owing to non-compliance with the Public Contracts Law, La. R.S. 38:2218, Netherton's bid was defective, and the contract should have been awarded to Webb, the lowest responsible bidder. Webb also alleged that despite its knowledge of the flawed bid bond, the City intentionally awarded Netherton the contract. Webb finally alleged that because of the delay resulting from the City's bad faith, the Fuel Farm project had been completed, thus foreclosing the option of nullifying the contract.
665 So.2d at pp. 654-55.
In its initial complaint, plaintiff neither sued for the nullity of the contract nor alleged specific circumstances which prevented it from timely seeking injunctive relief, both of which are requirements of the Public Contracts Law. LSA-R.S. 38:2220(B). Therefore, this court affirmed the district court's action in sustaining the exception of no cause of action. However, we reversed the dismissal of Webb's action with prejudice and amended the trial court's judgment to afford Webb the opportunity to amend its petition to satisfy the requirements of Section 2220(B).
On December 15, 1995, Webb filed its amended petition. Webb alleged to have made verbal and written inquiries to the City regarding deficiencies in Netherton's bid and the City responded that the matter was under review. Webb also alleged that, since it did not have possession of all bidding documents, it did not have sufficient knowledge that any deficiencies existed prior to the award of the contract to Netherton. Webb further alleged that prior to the award of the contract, it was unable to make an independent determination of whether Netherton's bid was defective, and therefore, did not have adequate knowledge to support an action for injunctive relief. Webb demanded a judicial declaration of the nullity of the contract between the City and Netherton for the fuel farm project. The City again filed a peremptory exception of no cause of action which the trial court sustained, again dismissing Webb's claim with prejudice. Webb appeals.

DISCUSSION
The exception of no cause of action is a peremptory exception designed to have the plaintiff's action declared legally nonexistent, or barred by effect of law. Stafford Const. Co., Inc. v. Terrebonne Parish School Board, 612 So.2d 847 (La.App. 1st Cir.1992). The purpose of this exception is to test the legal sufficiency of the petition by determining whether the plaintiff is afforded any remedy in law based on the facts alleged in the petition. For the purpose of ruling on the exception, the court must accept all of the allegations of the petition as true. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. Where a petition states a cause of action as to any ground or portion of a demand, the exception of no cause of action should be overruled or denied. Stafford, supra.
Provisions pertaining to public construction contracts are governed by LSA-R.S. 38:2211 et seq. In particular, Section 2220 provides:
A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of this Part occurs, the attorney general, or any interested party may bring suit in the district *122 court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek appropriate remedy to nullify a contract entered into in violation of this Part.
C. Where a judgment of nullity is rendered in any action brought by a district attorney or by the attorney general pursuant to Subsection B of this Section the district court may award a civil penalty not in excess of fifty thousand dollars against each offending member of the governing authority of the public entity who authorized the violation.
This statutory law is a prohibitory law and its purpose is to prevent public officials from awarding contracts on the basis of favoritism or at possibly exorbitant and extortionate prices. Airline Const. Co., Inc. v. Ascension Parish School Bd., 568 So.2d 1029 (La.1990). Public contract bid law requires that all public work done by a public body be advertised for competitive bids and that the contract be awarded to the lowest responsible bidder. LSA-R.S. 38:2211-26; Airline, supra.
In a public project advertised for public bidding, there is no contractual relationship between an unsuccessful bidder and the public body who advertises for bids. Although an unsuccessful bidder does not have a cause of action in contract against the public body, the lowest responsible bidder does have a cause of action to timely challenge the rejection of his bid and to compel the award of the contract to him. An unsuccessful bidder may sue to enjoin the public body from executing the contract or to set aside the award of the contract to another bidder when the public body acted arbitrarily in selecting the successful bidder. An unsuccessful bidder on a public contract must attempt to timely enjoin the execution or performance of a contract when the facts necessary for injunctive relief are known or readily ascertainable by the bidder, otherwise, the bidder is precluded from recovering damages against the public body. Airline, supra[1], Stafford, supra. The timeliness of a suit for injunction depends on the facts and circumstances of the particular case, including, among other things, the knowledge possessed by the attacking bidder concerning the wrongful award of the contract, the point in time the bidder acquired this knowledge, the point in time that the public body became indebted to the successful bidder and the time period between the awarding of the illegal contract and the completion of construction. Airline, supra.
The issue presented in the instant case is whether the amended petition seeking to nullify the contract between the City and Netherton for the fuel farm project specifically alleges reasons why it was impossible for Webb to timely request an injunction. The City argues that Webb knew of facts or, at a minimum, had enough facts to allow it to conduct an investigation and file suit for injunctive relief once the contract was awarded to Netherton. The City also argues that Webb's amended petition contains no new substantive facts and is merely reworded, embellished allegations from the original petition.
In its amended petition, Webb alleges that after the city solicited bids in October 1993, it prepared and submitted its bid. Aware of Netherton's past bonding problems, Webb questioned the City, both orally and in writing, about Netherton's ability to post a bond. The City memo dated November 16, 1993, alerted the city attorney to a possible bond problem and notes that someone had made inquiry about the matter. Webb asserts that because it was not entitled to competitor's bid documents at that time, it was impossible to determine if Netherton's bid was flawed. Further, the City informed Webb that the bid was under review and provided no further information until awarding the contract *123 to Netherton. When Webb attempted to review Netherton's contract and bond, it discovered that these documents had not been placed on the public records. The City delayed for a month in supplying the information. When questioned about a defective bond, the City told Webb that Netherton had corrected the problem. When Webb requested copies of the correcting documents, the City gave repeated assurances that the information was forthcoming. However, on June 19, 1994, the City finally revealed that the defective bond was never cured. At that time, the City made a settlement offer. The City then avoided Webb until August 15, 1994 when it announced that it would not settle with Webb. This lawsuit was filed August 26, 1994.
Accepting the allegations set forth in Webb's amended petition as true, Webb made repeated efforts to investigate alleged deficiencies in the contract between the City and Netherton. The inaccurate information provided by the City concerning the validity of the contract made it impossible for Webb to "readily ascertain" facts necessary to enjoin the award or performance of the contract. In its amended petition, Webb specifically stated that, because of the actions of the City, it was unable to timely file a suit for injunction, and therefore, it requested that the contract be declared null. In essence, Webb asserted that the facts necessary for injunctive relief were neither known nor readily ascertainable by Webb prior to the award and performance of the contract. Consequently, the amended petition states a cause of action under LSA-R.S. 38:2220(B).

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining the exception of no cause of action and dismissing this action with prejudice is reversed. This matter is remanded to the trial court for further proceedings. Costs are assessed to the defendant, the City of Shreveport, in accordance with the law.
REVERSED AND REMANDED.
NOTES
[1] Although Airline Const. Co., Inc. v. Ascension Parish School Bd., 568 So.2d 1029 (La.1990), was decided prior to the 1990 amendment of LSA-R.S. 38:2220(B), this court views the rationale of Airline as essentially unchanged by the amendment. See, Webb Const., Inc. v. City of Shreveport, 27,761 (La.App.2d Cir. 12/6/95), 665 So.2d 653.