LINDA TORRES
v.
JOHN DOE, LOUISIANA SHRIMP AND PACKING COMPANY, AND STATE FARM INSURANCE COMPANY.
No. 2008 CA 1593.
Court of Appeals of Louisiana, First Circuit.
February 13, 2009.
Not Designated for Publication
JOSEPH 1 WEIGAND, Jr., Attorney for Plaintiff-appellant Linda Torres.
FREDERIC C. FONDREN, Attorney for Defendant-Appellee John Doe, Louisiana Shrimp & Packing Co., and State Farm Insurance Co.
Before: PETTIGREW, McDONALD, and HUGHES, JJ.
PETTIGREW, J.
In this case, plaintiff-appellant, Linda[1] Torres, appeals from the trial court judgment in favor of defendants-appellees, Louisiana Shrimp and Packing Company ("Louisiana Shrimp") and State Farm Mutual Automobile Insurance Company ("State Farm"), finding the matter to be a worker's compensation claim and dismissing Ms. Torres' cause of action with prejudice. For the reasons that follow, we amend in part and, as amended, affirm.

FACTS AND PROCEDURAL HISTORY
At all times pertinent hereto, Ms. Torres was employed by Louisiana Shrimp in the processing plant. On November 24, 2004, Ms. Torres was picked up at her home by Wayne Punch, another employee of Louisiana Shrimp, in a company-owned van in order to be transported to work. According to the record, this was the customary means of transportation for employees who did not have their own method of transportation. Mr. Punch's daily employment responsibilities included picking up employees and bringing them to work.
Ms. Torres testified that on the day in question, the van was "full of people" and there was no place for her to sit.[2] Once she entered the van, she stood on the inside of the van and attempted to close the door but could not. Ms. Torres told Mr. Punch that the door was still ajar; and he answered, "[n]o problem," and then he "took off." According to Ms. Torres, Mr. Punch "had the custom of when the door couldn't close that he would take off and then brake so that the door would close with the movement, with the motion." When the van began moving, Ms. Torres fell from the van, striking the pavement with her head, shoulder, and back. After she fell, Mr. Punch picked her up and helped her back into the van, which, according to Ms. Torres, was still full.
Mr. Punch then continued on his route to Louisiana Shrimp where Ms. Torres began her work. Ms. Torres indicated that she asked to see a doctor but was told there was nothing wrong with her. She was never provided any medical attention and eventually went home, never again returning to work at the processing plant.
Mr. Punch's recollection of the events surrounding the incident differs somewhat from Ms. Torres'. According to his testimony, there were seats available when he picked up Ms. Torres from her residence. Moreover, he denies driving off from her residence before Ms. Torres was seated in the van. When asked why Ms. Torres fell out of the van, Mr. Punch stated, "I think she just jumped out of the van." With regard to his knowledge of the van door being partially open as he was leaving Ms. Torres' residence, Mr. Punch testified as follows: "I knew the door wasn't closed all the way, thaf s why I didn't take off and leave. I had just pulled on the street. I noticed the door wasn't closed all the way so I stopped so they would close it." According to Mr. Punch, right after he stopped the van for the passengers to close the door, he saw Ms. Torres jumping out of the van. He then went around the van, picked her up, and put her back into the van, telling her to "stop playing around."
Following this incident, Ms. Torres filed suit for damages in the 17th Judicial District Court in Lafourche Parish, naming Louisiana Shrimp, its insurer, State Farm Insurance Company, and John Doe as defendants. Ms. Torres alleged that at the time of the incident, defendant Doe was in the course and scope of his employment with Louisiana Shrimp and, consequently, Louisiana Shrimp was liable to her for alt damages sustained as a result of the negligence of defendant Doe.
The matter proceeded to a bench trial on August 1, 2007, at which time the court heard testimony and considered documentary evidence presented by the parties. After counsel for Ms. Torres completed her case-in-chief, but prior to counsel for Louisiana Shrimp and State Farm questioning his first witness, the court inquired as to why Ms. Torres had filed her claim in district court as the facts of the case seemed to indicate that it was a workers' compensation claim. There was a brief discussion on the record followed by a five minute recess, whereupon counsel for both parties conferred with the judge in chambers. After returning to the courtroom, counsel for Louisiana Shrimp and State Farm opted not to question any witnesses or present any evidence. Thereafter, counsel for both parties presented closing arguments to the court, and counsel for Louisiana Shrimp and State Farm moved for dismissal based on an exception raising the objection of no cause of action. The motion was denied by the court for not being in writing as required by La. Code Civ. P. art. 924.
The court then noticed on its own motion an exception raising the objection of no cause of action pursuant to La. Code Civ, P. art. 927. Noting that it was more likely than not that Ms. Torres was in the course and scope of her employment with Louisiana Shrimp at the time of the alleged incident, the court determined that Ms. Torres' exclusive remedy was under the workers' compensation provisions of Louisiana law. The court noted as follows with regard to the evidence concerning same:
The testimony of the petitioner, Ms. Torres, proves that on the date of the alleged accident on November 24, 2004, she was employed by Louisiana Shrimp and Packing Company. Ms. Torres further stated that the reason that she entered the van was to be transported to her employment with Louisiana Shrimp and Packaging Company and that this was her customary mode of transportation to her employment. Mr. Wayne Punch testified that on the date of the incident he was employed by the Louisiana Shrimp and Packing Company, that one of the functions of his employment was to provide transportation not only for Ms. Torres but other employees of the Louisiana Shrimp and Packing Company. He testified that on the date of this incident he was operating a motor vehicle owned by Louisiana Shrimp and Packing Company. He further testified that the reason he stopped at the residence of Ms. Torres was to conduct his routine and customary employment function of providing transportation not only to Ms. Torres but to other employees of Louisiana Shrimp and Packing Company. Mr. Punch further testified that after the alleged incident occurred he assisted Ms. Torres in entering the van to proceed to her employment at the Louisiana Shrimp and Packing Company,
All of this evidence proves that it is more likely than not that at the time of the alleged incident the petitioner was within the course and scope of her employment. There being proof that Ms. Torres was within the course and scope of her employment when the alleged incident occurred, Ms. Torres' exclusive remedy is under the workman's compensation provisions of Louisiana law. It is for this reason that pursuant to Louisiana Code of Civil Procedure Article [927], the Court on its own motion will notice the exception of failure to disclose a cause of action. And for that reason, the Court will dismiss with prejudice the civil litigation filed by Ms. Torres under Docket Number 103005.
The court signed a judgment in accordance with these findings on August 20, 2007. It is from this judgment that Ms. Torres has appealed, arguing the court erred in maintaining, on its own motion, the exception raising the objection of no cause of action based upon a finding that Ms. Torres was in the course and scope of her employment at the time of the alleged incident.

DISCUSSION
The function of the exception raising the objection of no cause of action challenges the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Central Community School Bd. v. East Baton Rouge Parish School Bd., XXXX-XXXX, p. 17 (La. App. 1 Cir. 6/6/08), 991 So.2d 1102, 1114, writs denied, XXXX-XXXX, XXXX-XXXX (La. 12/12/08), ___ So.2d ___. Generally, no evidence may be introduced to support or controvert the exception. La. Code Civ. P. art. 931; Stephenson v. Nations Credit Financial Services Corp., 98-1689, p. 14 (La. App. 1 Cir. 9/24/99), 754 So.2d 1011,1021. However, as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La. App. 1 Cir.), writ denied. 604 So.2d 999 (La. 1992), the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence that is admitted without objection to enlarge the pleadings. In those instances, the pleadings are considered to have been enlarged. See also Hartman Enterprises, Inc. v. Ascension-St. James Airport and Transp. Authority, 582 So.2d 198, 202 n.2 (La. App. 1 Cir.), writ denied, 582 So.2d 195 (La. 1991); Jordan v. Sweeney, 467 So.2d 569, 571 (La. App. 1 Cir.), writ denied, 469 So.2d 985 (La. 1985).
In the instant case, the pleadings were clearly enlarged by the evidence introduced, without objection, at the trial on the merits and considered by the court in ruling on the exception.[3] After reviewing this evidence, the court made a factual finding that Ms. Torres was in the course and scope of her employment with Louisiana Shrimp at the time of the alleged incident, thus, bringing her claim within the exclusive realm of workers' compensation law. The court then dismissed Ms. Torres' entire cause of action with prejudice. Although we are in agreement with the court that based on the evidence in the record Ms. Torres has no negligence cause of action against Louisiana Shrimp and State Farm and that said negligence cause of action should be dismissed with prejudice, we do not find the same to be true with regard to her workers' compensation claim. Rather, we conclude that the trial court lacked subject matter jurisdiction to consider and rule on Ms. Torres' workers' compensation claim.
It is the duty of the court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. McGehee v. City/Parish of East Baton Rouge, XXXX-XXXX, p. 3 (La. App. 1 Cir. 9/12/01), 809 So.2d 258, 260. "Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the rights asserted." La. Code Civ. P. art. 2. "The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties," and "[a] judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void." La. Code Civ. P. art. 3.
The Louisiana Constitution establishes the subject matter jurisdiction of the district courts and provides: "Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in workers' compensation matters, a district court shall have original jurisdiction of all civil and criminal matters." La. Const, art. V, § 16(A)(1) (emphasis added). Thus, while a district court generally has original jurisdiction over all civil matters in Louisiana, the Louisiana Constitution carves out of the jurisdictional grant "administrative agency determinations in workers' compensation matters" as are "provided by law." The legislature has "provided by law" for the jurisdiction of workers' compensation judges by enacting La. R.S. 23:1310.3(E), which, as amended in 2006, provides, in pertinent part, as follows: "Except as otherwise provided by La. R.S. 23:1101(B), 1361, and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over ail claims or disputes arising out of this Chapter..." Accordingly, we amend the judgment below to provide that Ms. Torres' workers' compensation claim is dismissed, without prejudice, for lack of subject matter jurisdiction.

CONCLUSION
For the above and foregoing reasons, we amend the August 20, 2007 judgment as follows:
The court, after receiving evidence in this matter, including testimony of the witnesses at trial and evidence entered into the record, noticed on its own motion and exception plaintiffs failure to state a negligence cause of action. The trial court held this matter to be a workers' compensation claim, which this court lacks subject matter jurisdiction to consider. Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs negligence cause of action, be and same is hereby dismissed with prejudice, rr IS FURTHER ORDERED, ADJUDGED AND DECREED that plaintiffs workers' compensation claim, be and same is hereby dismissed without prejudice based on lack of subject matter jurisdiction.
IT IS FURTHER ORDERED that all costs of this litigation, including the costs of the interpreter at trial, are assessed to plaintiff, Linda Torres.
All costs associated with this appeal are assessed against plaintiff-appellant, Linda Torres.
AMENDED IN PART; AFFIRMED AS AMENDED.
McDONALD, J., CONCURRING:
I agree that the trial court was correct in dismissing the plaintiffs case. Plaintiff filed a petition for damages alleging a cause of action in tort. At the conclusion of the plaintiff's case, the trial court decided the legal issue of whether the claim was properly an action in tort by determining that the plaintiff's exclusive remedy was in Workers' Compensation. Therefore, the claim should have been dismissed for lack of subject matter jurisdiction.
NOTES
[1] The record reflects that the plaintiffs full name is "Hermelinda Torres." However, she is referred to throughout the record and in the petition as "Linda Torres."
[2] Due to a language barrier, Ms. Torres testified with the assistance of a translator.
[3] Because there was no objection to the admission of the evidence during the trial of the merits, the evidence could properly be considered by the court below and by this court in determining whether Ms. Torres has stated a cause of action.